STEVEN H. FRANKEL (State Bar No. 171919)
MICHAEL BARNES (State Bar No. 121314)
BONNIE LAU (State Bar No. 246188)
SNR DENTON US LLP
525 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email: steven.frankel@snrdenton.com
       michael.barnes@snrdenton.com
       bonnie.lau@snrdenton.com

Attorneys for Defendants
AVIVA LIFE AND ANNUITY COMPANY and
INDIANAPOLIS LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DONALD FISCHER, DOROTHY FISCHER, DARREN FISCHER, DANIEL FISCHER, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AVIVA LIFE AND ANNUITY COMPANY, INDIANAPOLIS LIFE INSURANCE COMPANY, LEGACY MARKETING GROUP, INC. d/b/a LEGACY MARKETING INSURANCE SERVICES, DOES 1-100,<br><br>Defendants. | Case No. 2:10-cv-01693-KJM-EFB<br><br>STIPULATED PROTECTIVE ORDER |

1  WHEREAS, during the course of discovery in the above-captioned litigation
2  (the "Action"), plaintiffs Donald Fischer, Dorothy Fischer, Darren Fischer, Daniel Fischer
3  ("Plaintiffs" ), defendant Aviva Life and Annuity Company ("Aviva") and defendant Legacy
4  Marketing Group, Inc. d/b/a Legacy Marketing Insurance Services ("Legacy") may produce
5  documents or information of a personal and/or proprietary nature, which any party in good faith
6  believes contains or constitutes confidential information that concerns or relates to insurance
7  transactions or policyholders of Aviva subject to the California Insurance Information and
8  Privacy Protection Act, Insurance Code §§ 791 *et seq.*; or confidential or trade secret
9  information not available in the public domain relating to Aviva's underwriting, marketing and
10 sale of life insurance policies and/or Legacy's administration and/or marketing of life insurance
11 policies; or other trade secret information, proprietary information and/or other confidential
12 research, development or commercial information, as those terms are used in Federal Rule of
13 Civil Procedure 26(c)(1) (hereinafter "Confidential Material").
14  WHEREAS, the parties desire to protect the confidential nature of all Confidential
15 Material or information derived therefrom (also hereinafter included in the term "Confidential
16 Material") and prevent disclosure or production to the general public;
17  WHEREAS, the parties have agreed or may agree in the future to furnish certain
18 documents constituting or containing Confidential Material subject to this Stipulated Protective
19 Order without waiving any legal right or privilege relating to the confidentiality of such
20 Confidential Material; and
21  In accordance with the stipulation of the parties and for the purpose of preserving the
22 confidentiality of documents and information that constitute or relate to personal, private or
23 confidential business information;
24  IT IS HEREBY AGREED AND ORDERED that a Stipulated Protective Order is entered
25 in this Action that shall apply to the Confidential Material, whether contained or referenced in
26 documents, deposition testimony, answers to interrogatories or document requests, written
27 responses, responses to requests for admission, affidavits, or declarations; in copies, extracts,
28

SNR DENTON US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

and summaries (complete or partial) prepared from such documents, or in copies of any of the foregoing:

1. As used herein, the words "document" or "documents" shall mean any writing or record of any type or description, including without limitation any written, recorded, electronic, facsimile or graphic matter, however stored, produced or reproduced, and whether in original, copy or draft format.

2. Any party, through its counsel, may designate any document specified in this Stipulated Protective Order, or portion thereof, as Confidential Material by marking each page so designated, at the time when it is first produced, served, or otherwise disclosed, with the legend "CONFIDENTIAL."

3. Any party may subsequently de-classify materials that the party previously designated as "CONFIDENTIAL."

4. Any deposition testimony in this litigation regarding documents or other material designated as Confidential Material by any party, or by any deponent not employed by any party, may be designated as Confidential Material before or at the time of the deposition by the party's counsel or by the deponent. Such a designation of deposition testimony shall be made by letter to all counsel.

5. If any dispute arises about whether a document constitutes Confidential Material, the parties will try to resolve the dispute informally. If informal resolution is not possible, the party objecting to designation of any material as "CONFIDENTIAL" shall have the burden of moving to request that the designated material be deemed non-confidential. All parties shall maintain the confidentiality of the material for sixty days, or until the Court rules on the objecting party's motion.

6. Any document or other material designated by a party as Confidential Material shall not be used for any purpose except in connection with the prosecution or defense of this Action (including any appeal) and may be disclosed only to the following persons for the sole purpose of prosecution or defense of this Action;

   (a) the parties to this Action who agree to the terms of this Stipulated Protective Order;

(b) counsel of record for the parties to this Action and employees of such counsel who are assisting counsel in the preparation of this Action for trial;

(c) employees of copying or other services engaged to reproduce, scan, or store Confidential Material in this Action;

(d) independent experts or consultants retained (or interviewed even if not retained) by counsel of record to assist in the preparation of this Action for trial, but only to the extent such persons need such Confidential Material for that preparation;

(e) any person from whom testimony is taken or is to be taken in this Action, except that such person may only be shown Confidential Material to the extent necessary for preparation of that person's testimony;

(f) judicial officials, mediators, arbitrators, jurors, and Court personnel (including stenographic reporters employed by the Court);

(g) stenographic reporters not employed by the Court who are reporting deposition testimony in this Action, and their employees and agents who are assisting them for that purpose; and

(h) any other person under such terms as may be agreed upon by the parties in writing or as the Court may hereafter order.

7. Confidential Material may be disclosed to and discussed with any person identified in paragraph 6(c), (d), (e) or (g) only if, prior to any disclosure or discussion of Confidential Material, the party or the party's counsel shall inform each such person of the existence of this Stipulated Protective Order and instruct that such person respect its provisions.

8. As a prerequisite to disclosing Confidential Materials to any person identified in paragraph 6(c), (d), (e) or (g), the person to whom the Confidential Materials are to be disclosed must first execute a document in which they agree to be bound by the terms of the Stipulated Protective Order, a copy of which is attached hereto as Exhibit A.  All executed documents will be retained by counsel for the respective parties so as to not disclose the identities of consultants or experts.

9. Confidential Material shall be filed under seal in accordance with Eastern District Local Rule 141. Before submitting any Confidential Material to the Court or using any Confidential Material in connection with any filing or proceeding, the party seeking to submit or use the Confidential Material (the "Submitting Party") must first provide the other party with 7 court days' notice. The parties must then meet and confer to ensure that any use of Confidential Material is narrowly tailored to the issues presented in the filing or proceeding and to evaluate options for redacting Confidential Material and minimizing the use of Confidential Material. In addition, the parties will cooperate in preparing and filing documents demonstrating a particularized showing of good cause, or, if the information sought to be protected is to be used in potentially dispositive matters, a showing of compelling reasons. The parties will not oppose any reasonable request to seal pertaining to Confidential Material. While a request to seal is pending, the parties will not submit or disclose any Confidential Material; instead, the Submitting Party will electronically file a redacted version of its submission pending the outcome of the motion to seal, but will serve on the other parties both redacted and non-redacted versions of the submission. If the motion to seal is denied, the Submitting Party will then electronically file a non-redacted version of the earlier submission. If the motion to seal is granted, the Submitting Party will then file under seal in paper format the non-redacted version of the submission that contains the Confidential Material. The later submission (the electronic filing of the non-redacted version or the paper filing of the non-redacted version) will be deemed filed as of the date of the original electronic filing of the redacted version of the submission. The manner in which confidential documents or information may be handled and disclosed in the course of the trial hereof shall be determined by the Court at the pre-trial conference.

10. Notwithstanding the foregoing, this Stipulated Protective Order does not restrict the right of the producing party to make such use or disclosure of its own documents or material that have been designated as Confidential Material as it is otherwise entitled to make. In addition, the producing party does not waive the classification of its own material or information as Confidential Material if it discloses such information to non-parties not in connection with this litigation for any reason.

11.     Counsel receiving Confidential Material shall not make more copies of such Confidential Material than counsel deems reasonably necessary for the prosecution or defense of this Action.  All copies of Confidential Material shall be kept and stored in a manner which counsel deems reasonably calculated to preserve confidentiality.

12.     If Confidential Material is inadvertently disclosed or produced without designation as "CONFIDENTIAL," the producing party's inadvertent production of such material shall not be deemed a waiver of, or estoppel as to, any claim of confidentiality under this Stipulated Protective Order to which the producing party would otherwise be entitled, provided the producing party notifies the other parties of such inadvertent disclosure within thirty (30) days after discovery of the inadvertent production.  The other parties shall agree to treat the disclosed information as "CONFIDENTIAL" and shall also promptly take all reasonable measures to ensure that no further unauthorized disclosure or use of such Confidential Material, or information contained therein, is made.

13.     If documents or information subject to a claim of attorney-client privilege or the attorney work product doctrine are inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege for such information.  If a producing party has inadvertently or mistakenly produced information subject to a claim of privilege, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies and any document(s), material(s) or information reflecting the contents of the inadvertently produced information, shall be returned within seven (7) business days of such request.  If the privileged information had been previously disclosed to the receiving party, then that party shall take reasonable steps to retrieve the information.  If a receiving party objects to the return of such information within the seven (7) business day period described above, the producing party may move the Court for an order compelling the return of such information.  Pending the ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.

14. Upon termination of this Action (including any appeals, any satisfaction of judgment, or any settlement of the Action), counsel shall retain one copy of any such Confidential Material for one year from the conclusion of the Action. After one year has elapsed, each party will destroy the Confidential Information. The parties agree that it is sufficient for their respective counsel to submit a signed declaration under penalty of perjury to each other that the Confidential Information produced by the other parties has been destroyed. All other copies of Confidential Material, including all copies in the possession of experts and consultants, shall be returned by the counsel receiving such Confidential Material to the counsel or the party who produced or provided it. Counsel for the parties may retain any legal memoranda or opinion letters that contain references to or information extracted from Confidential Material; however, the confidentiality of any such memoranda or letters is to be protected in accordance with the terms of this Stipulated Protective Order.

15. The provisions of this Stipulated Protective Order, insofar as they relate to the communication and use of Confidential Material, shall continue in effect after the conclusion of this Action and until further order of the Court or agreement by the parties in writing.

16. This Stipulated Protective Order may be modified by written agreement of the parties and approval by the Court.

17. By entering into this Stipulated Protective Order, no party waives any right it may have to object to any discovery on the grounds of privacy, confidentiality, privilege, or other appropriate objections, or to withhold information or documents from discovery on such (or any other appropriate) grounds. By entering into this Stipulation, the parties are not conceding that material marked Confidential is subject to any privilege. The terms of this Stipulated Protective Order do not supersede the rules of evidence or govern the admissibility of any material deemed Confidential.

18. In the event any party violates this Stipulated Protective Order, the aggrieved party may immediately apply to obtain injunctive relief from this Court against the party violating any of the terms of this Stipulated Protective Order. The parties agree the Court shall have the power to impose whatever penalties it deems appropriate for a violation of this Agreement.

1    IT IS SO STIPULATED.

2    Dated:  January 26, 2011                    KERSHAW, CUTTER & RATINOFF, LLP

By: _____/s/ John R. Parker_____
       JOHN R. PARKER

Attorneys for Plaintiffs

Dated:  January 26, 2011                    SNR DENTON US LLP

By: _____/s/ Bonnie Lau_____
       BONNIE LAU

Attorneys for Defendants
AVIVA LIFE AND ANNUITY COMPANY and
INDIANAPOLIS LIFE INSURANCE COMPANY

Dated:  January 26, 2011                    STOKES LAZARUS & CARMICHAEL LLP

By: _____/s/ Rachel A. Humphrey_____
       RACHEL A. HUMPHREY

Attorneys for Defendant
LEGACY MARKETING GROUP

IT IS SO ORDERED.

Dated:  February 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

I hereby acknowledge that I have received and read a copy of the Stipulated Protective Order in the action entitled *Fischer v. Aviva Life and Annuity Company, et al.,* United States District Court for the Eastern District of California, Case No. 2:10-cv-01693-KJM-EFB. I agree to be bound by the provisions of the Stipulated Protective Order with respect to any Confidential Material disclosed to me, and I specifically agree that I will not reveal, communicate, or use any Confidential Material except in accordance with the terms of the Stipulated Protective Order. I further agree to return any Confidential Material and all copies thereof provided to me to the party or counsel who provided such Confidential Material to me.

I hereby submit to the jurisdiction and venue of the United States District Court for the Eastern District of California for all purposes relating to the enforcement of the provisions of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2011, at _____.

(city, state)

_____
Signature

_____
Name

-8-
Case No. 2:10-cv-01693-KJM-EFB                                            STIPULATED PROTECTIVE ORDER