IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD FISCHER; DOROTHY
FISCHER; DARREN FISCHER; and
DANIEL FISCHER,

        Plaintiffs,                No. CIV S-10-1693 KJM EFB

        vs.

AVIVA LIFE AND ANNUITY
COMPANY; INDIANAPOLIS LIFE
INSURANCE COMPANY; DOES 1-100,

        Defendants.             <u>ORDER</u>
_____/

        On March 2, 2011, the court heard plaintiffs' motion to compel defendants Aviva Life and Annuity Company and Indianapolis Life Insurance Company (collectively, "Aviva") to respond to plaintiffs' first set of requests for production of documents and first set of interrogatories. Dckt. No. 33. Attorney John Parker appeared at the hearing on behalf of plaintiffs; attorney Bonnie Lau appeared on behalf of Aviva.

        The scope of the discovery dispute before the Court is limited to whether or not Aviva may be compelled to produce additional responses to Interrogatories Nos. 2 and 3, and Requests for Production Nos. 9, 10, 11, 12, 13, 17, 18, 19, 23, 26, and 30. Each of these requests call for Aviva to disclose information or documents about other individuals who, as plaintiffs have

1

alleged, were issued Indianapolis Life Insurance Policies and whose Indianapolis Life Insurance Policies were subsequently terminated or cancelled by Aviva. *Colonial Life & Accident Ins. Co. v. Super Ct.*, 31 Cal. 3d 785 (1982), provides the proper procedure to allow this information to be obtained by plaintiffs without intruding upon these insureds' statutory rights of privacy in California.

For the reasons stated at the hearing, and after reviewing the submissions of the parties, including both parties' proposed orders and responses thereto, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel, Dckt. No. 33, is granted in part.

2. Aviva shall send to each individual whose Indianapolis Life Insurance Policy was terminated by Aviva in the six years prior to the date that the Complaint was filed in this case a letter using the form attached to this Order as Exhibit A within 14 days after this order is entered. Plaintiffs shall bear the duplication and postage costs that Aviva incurs in sending the letters.

3. Within 14 days after receiving the consent of any insured to have his or her contact information disclosed in this matter, Aviva shall forward that insured's contact information to counsel for plaintiffs. If plaintiffs then believe that all or a portion of an insured's insurance file is discoverable under Federal Rule of Civil Procedure 26(b), and if that insured has also consented to the disclosure of his or her insurance file, plaintiffs may request that Aviva produce the discoverable insurance file(s) or portion(s) thereof.[1] To the extent that any such consent(s) moot Aviva's objections to plaintiffs' Interrogatories Nos. 2 and 3, and Requests for Production Nos. 9, 10, 11, 12, 13, 17, 18, 19, 23, 26, and 30, or otherwise require Aviva to

---

[1] In their response to Aviva's proposed order (which was filed in response to plaintiffs' proposed order), plaintiffs state that they agree that Aviva "may comply with the Court's order by producing contact information and, if applicable, the original policy, substitute policy, and all communications between the policyholders and Aviva, for each policyholder that provides consent in response to Plaintiffs' proposed letter . . . ." Dckt. No. 50 at 3. The letter attached as Exhibit A was modified according to the representation by Plaintiffs that they are only seeking those documents. Accordingly, Plaintiffs may only request that Aviva produce the original policy issued by Indianapolis, the substitute policy issued by Aviva, and/or any communications between the policyholders and Aviva.

1 modify those responses, Aviva shall modify such responses within 30 days after receiving any
2 such consent(s).
3     SO ORDERED.
4 DATED: March 16, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE