IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD FISCHER; et al.,

      Plaintiffs,                                   No. CIV S-10-1693 KJM-EFB

     vs.

AVIVA LIFE AND ANNUITY CO.; et al.,

      Defendants.                               <u>ORDER</u>

_____/

        This matter comes before the court on defendant's ex parte application to extend the discovery cutoff deadline, filed on July 7, 2011. (ECF 54.) Plaintiffs filed an opposition on July 8, 2011. (ECF 56.) The court filed a scheduling order in this case on November 22, 2010, setting the discovery cutoff as April 11, 2011. (ECF 26.) On February 23, 2011, the court extended the discovery cutoff deadline to July 8, 2011. (ECF 38.)

        Federal Rule of Civil Procedure 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent." The determination of "good cause" "focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting

1

Fed. R. Civ. P. 16 advisory committee's notes on 1983 amendment). Defendants have not shown diligence. They contend that only recently, as a result of deposing the plaintiffs, they learned new information that requires follow-up investigation. (ECF 54.) However, defendants' requests for production propounded after the depositions, attached to plaintiff's opposition to defendants' application, do not appear to be directed to following up on specific new information; rather they appear to be the kinds of requests that could have been propounded at the beginning of discovery. (ECF 56-1.)

Accordingly, defendants' ex parte application is hereby DENIED.

IT IS SO ORDERED.

DATED: July 14, 2011.

_____
UNITED STATES DISTRICT JUDGE